IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JODY RAY McCLURE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2042-L-BD |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jody Ray McClure, a Texas prisoner, has filed a motion for an order requiring the Bureau of Prisons ("BOP") to honor this court's recommendation of a *nunc pro tunc* designation of a TDCJ correctional facility for the service of his federal sentence. For the reasons stated herein, the court should treat this pleading as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and dismiss the application for lack of subject matter jurisdiction.

On March 4, 1997, petitioner was indicted by a federal grand jury in the Northern District of Texas on one count of possession of a destructive device in violation of 26 U.S.C. §§ 5845(a), 5861(d) & 5871. Shortly after his indictment, the United States Marshals Service assumed temporary custody of petitioner, who was in the custody of Arkansas authorities, pursuant to a writ of habeas corpus *ad prosequendum*. Petitioner pled guilty to the federal charge and, on July 31, 1997, was sentenced to 66 months confinement. The judgment specifies that the federal sentence is to run concurrently with the undischarged term of imprisonment in the Arkansas case. *See United States v. McClure*, No. 3-97-CR-079-H (Doc. #17 at Page ID 10). Following the discharge of his

Arkansas sentence, petitioner was transferred to Texas custody to serve a sentence on a state aggravated robbery conviction. On June 7, 2006, petitioner filed a motion in federal court seeking a *nunc pro tunc* designation of the TDCJ facility where he was incarcerated as the place of confinement for his federal sentence. In response to that motion, the court recommended that the BOP "designate the State of Texas for service of Defendant's federal sentence in this case." *Id.* (Doc. #19 at Page ID 16). Petitioner, who is still in Texas custody, now seeks an order requiring the BOP to honor the court's recommendation when he is released from state custody in the near future.

"The proper method for challenging the execution of a [federal] sentence is through a habeas corpus petition under 28 U.S.C. § 2241, brought in the district court where the prisoner is confined." *United States v. Wooderts*, No. 3-97-CR-054-D, 2007 WL 549406 at *1 (N.D. Tex. Feb. 21, 2007) (citing cases). Because petitioner is challenging the manner in which his federal sentence is being executed, the court should treat his pleading as an application for habeas relief under section 2241. However, the court lacks subject matter jurisdiction to consider the habeas petition. A prisoner seeking habeas relief must be "in custody" at the time the petition is filed. 28 U.S.C. § 2241(c); *see also Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003), *citing Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000). At the present time, petitioner is still in TDCJ custody and has not been transferred to federal custody. Consequently, there is no basis for the exercise of habeas jurisdiction with respect to the service of his federal sentence.

## RECOMMENDATION

Petitioner's motion should be treated as an application for writ of habeas corpus under 28 U.S.C. § 2241, which should be dismissed without prejudice for lack of subject matter jurisdiction.[1]

---

[1] In the event petitioner intends to refile his habeas petition if and when he is transferred to BOP custody, he must seek relief in the district of his incarceration after exhausting all available administrative remedies. *See United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE