# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **JODY RAY McCLURE,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:11-CV-2042-L** |
| § | |
| **UNITED STATES OF AMERICA**, § | |
| § | |
| Respondent. § | |

## ORDER

Before the court is Jody Ray McClure's, Motion to Vacate Sentence by Petitioner ("Motion"), filed August 15, 2011. The case was referred to Magistrate Judge Jeff Kaplan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on August 17, 2011. Petitioner did not file objections to the Report.

Based on Petitioner's reference in his Motion to a prior June 7, 2006 motion for an order requiring the Bureau of Prisons to honor this court's recommendation of a *nunc pro tunc* designation of a Texas Department of Correctional Justice ("TDCJ") correctional facility for the service of his federal sentence and appears to challenge the manner in which his federal sentence is being executed, the Report recommends that the Motion be treated as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and dismissed for lack of subject matter jurisdiction because Petitioner is still in TDCJ custody and has not been transferred to federal custody.

Having reviewed the pleadings, record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct and **accepts**

them as those of the court. The court therefore **dismisses without prejudice** the Motion to Vacate Sentence by Petitioner for lack of subject matter jurisdiction.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that a notice of appeal is filed, Petitioner must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless Petitioner has been granted IFP status by the district court.

**It is so ordered** this 16th day of November, 2011.

Sam A. Lindsay
United States District Judge

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**